

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2005

# Martorano v. PPL Energy Plus LLC

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3751

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Martorano v. PPL Energy Plus LLC" (2005). *2005 Decisions.* Paper 970.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/970

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3751
_____

JOSEPH MARTORANO, III, d/b/a ENERCO,
*Appellant*
v.

PP&L ENERGY PLUS, L.L.C.; PP& L, INC.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 03-cv-05963)
District Judge: Honorable Anita B. Brody

_____

Argued June 8, 2005
Before:  FUENTES, VAN ANTWERPEN and BECKER, *Circuit Judges*

(Filed: June 23, 2005)
_____

FRANK N. DiMEO, Jr. (Argued)
Rosenn, Schafer & DiMeo, P.C.
121 S. Broad Street, Suite 800
Philadelphia, PA 19107
        *Attorney for Appellant*

DAVID L. MEYER
JAMES ATWOOD, Esq. (Argued)
DEREK LUDWIN
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004

JOHN G. HARKINS, JR.
STEVEN A. REED
Harkins Cunningham, LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-1742
      *Attorneys for Appellees*

—————————————

BENCH OPINION

—————————————

BECKER, *Circuit Judge.*

**Judge Becker**: The panel has conferred, and I will deliver a bench opinion which will constitute the opinion and judgment of the Court.

The order of the District Court will be affirmed. We agree with the District Court that Martorano and Enerco lack antitrust standing. Enerco is not a competitor or customer of PP&L. We held in *Barton & Pittinos, Inc. v. SmithKline Beecham Corp.*, 118 F.3d 178, 184 (3d Cir. 1997), that advertisers and brokers of a good or service are not competitors of companies that actually supplied the good or service. That is the case here. PP&L actually supplied the electricity. Enerco is merely a broker.

If this appeal were not controlled by *Barton & Pittinos*, it would be controlled by our recent opinion in *Utilimax.com, Inc. V. PPL Energy Plus, LLC*, 378 F.3d 303 (3d Cir. 2004), which dealt with the very same "window" as Mr.DiMeo described it, that we are dealing with here in terms of the history of the electric power sale market in Pennsylvania. We treated wholesale and retail markets in *Utilimax*, wholesale and retail

2

markets for electricity capacity in Pennsylvania and New Jersey, as distinct markets, and held that the plaintiff in LSE was not a competitor of PP&L's wholesale business.

Mr. Martorano and Enerco are not even LESs. They are two more steps removed from PP&L's wholesale electricity business, since Enerco is hired by retail customers such as the University of Pennsylvania and others to find an LSE. So Enerco is surely not a competitor either. And even if PP&L does have a brokerage and consulting arm and we accept Mr. DiMeo's representation that it does compete with Enerco, the relevant inquiry is whether they are competitors in the market which was restrained, here the market for whole electricity. We find the *Carpet Group* case which Mr. DiMeo relies upon clearly distinguishable because there everybody involved was trying to sell carpet. *See Carpet Group Intern v. Oriental Rug Importers Ass'c.*, 227 F.3d 62 (3d Cir. 2000). They were direct sellers. Martorano and Enerco are not. Were we to go further, we would note our agreement with Judge Brody that Martorano's injury is too indirect for antitrust standing. And *Utilimax*, if we went beyond standing, would likewise require us to hold that the Filed Rate Doctrine would bar the suit.

At all events, for the reasons stated, the order of the District Court granting the motion to dismiss will be affirmed. This constitutes the opinion and judgment of the Court. I ask Judge Fuentes or Judge Van Antwerpen as to whether you have any additions or corrections?

**Judge Fuentes**: I have no additions, correction, and I concur in the decision.

3

**Judge Van Antwerpen**: I would cite *LePage's v. 3M*, 324 F.3d 141 (3d Cir. 2003). There are not necessary allegation of a relevant antitrust market, sustainable market power and exclusionary predatory conduct, and the Sherman Act Section 2 claim. With that minor addition, I join wholeheartedly.

**Judge Becker**: Well, it is not a minor addition. It would be an additional substantive ground.

**Judge Van Antwerpen**: Yeah, Yeah.

**Judge Becker**: but I would agree with that as well.

In due course the Clerk will arrange to have this bench opinion transcribed as a not precedential opinion of this Court and posted on our website in accordance with our Court's practice and indeed as required by Congress by the E-Government Act.

**Judge Fuentes**: I join in Judge Van Antwerpen's addition to the decision.

**Judge Van Antwerpen**: So we're unanimous.

**Judge Becker**: Okay, thank you very much. That concludes this proceeding.